IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 10-cv-00483-REB-BNB

CHRIS TILLOTSON,

Plaintiff,

v.

T.J. McCOY,

Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter arises on my Order to Show Cause [Doc. #49], issued September 7, 2010. The plaintiff is proceeding *pro se*. He filed his Prisoner Complaint [Doc. #3] (the "Complaint") on March 2, 2010. He named Sgt. T. J. McCeary as the sole defendant. *Complaint*, at Caption and p. 2, ¶ 2. He described McCeary as a Sheridan Police Officer, id., and he provided the following address for the defendant: Sheridan Police Dep., 4101 S. Federal Blvd." Id. at p. 2, ¶ 2.

On March 31, 2010, the district judge ordered the United States Marshal to effect service on the defendant [Doc. #11]. The Marshal filed a Process Receipt and Return on April 13, 2010 [Doc. #19], which states that service was not accomplished because the defendant could not be located. The Marshal wrote that "[a]ccording to Sheridan Police Department, there is no Sgt. 'T.J. McCreary' that has ever worked at Sheridan PD. However, Sheridan PD once employed a 'T.J. McCoy.' However, he is no longer employed with Sheridan PD." No forwarding address was provided for T.J. McCoy.

Consequently, I ordered the plaintiff [Doc. #21] to show cause why the Complaint should not be dismissed for failure to prosecute pursuant to D.C.COLO.LCivR 41.1. I cautioned the plaintiff that in the event no such showing is made, I would recommend that the action be dismissed without prejudice for failure to prosecute.

Subsequently, I granted the plaintiff leave to substitute T.J. McCoy as a defendant in place of Sgt. T.J. McCeary, and I ordered the plaintiff to provide the court with Mr. McCoy's current address so that the Marshal could serve him [Doc. #26]. The plaintiff provided the following address [Doc. #27]: Tim McCoy, 33 Inverness Dr. East, Englewood, CO 80112-5412. I ordered the United States Marshal to serve Mr. McCoy at this address [Doc. #31].

On September 1, 2010, Mr. Timothy Eugene McCoy submitted a letter [Doc. #48] wherein he states that he is not Sgt. T.J. McCoy; he has been employed by ISEC, Inc., a construction company, since 1986; he has never been an officer of the law; and he has never been employed by the Sheridan Colorado Police Department.

As a result of these events, I again ordered the plaintiff to show cause in writing and on or before September 28, 2010, why the Complaint should not be dismissed for failure to prosecute. I cautioned the plaintiff that in the event that no such showing was made, I would recommend that the action be dismissed without prejudice for failure to prosecute.

On September 14, 2010, the plaintiff filed a letter [Doc. #53] (the "Letter") which states the following:[1]

> To whom it may concern. I would like a change of venue I need to take my case to another court room it is the courts responsibility to provide me with the paperwork to change judge's

---

[1]I have quoted the Letter verbatim.

> As for the paperwork I filed. the arapahoe county court refused to
> give me a copy of the police report in case no 07cr2358. I belive
> that it is the courts responsibility to retreive a copy of it for me.
> Thank you

Attached to the Paper is the first page of the court's form motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[2] The form contains the case number for this action, but names as defendants the "Sheridan Police Department," and the "Sheridan Police."[3]

On April 8, 2010, I advised the plaintiff that he could not make requests to the court by filing letters and that all filings made in this court must contain the case caption [Doc. #17]. I ordered him to submit all future requests in the form of a motion in compliance with Rule 7, Fed. R. Civ. P.

The plaintiff subsequently filed two letters requesting relief [Doc. #22, filed 04/28/2010 and Doc. #24, filed 05/04/2010]. On May 6, 2010, I again directed the plaintiff to cease filing letters with the court and informed him that "[a]ll requests for court orders shall be filed as motions. All motions and other papers filed with this court shall contain the case caption." [Doc. #26]. I cautioned the plaintiff that "[p]apers that are not filed in compliance with Rule 7 and this order will be stricken."

On May 14, 2010, the plaintiff filed a letter seeking relief [Doc. #29]. This letter was stricken on May 18, 2010 [Doc. #32].

---

[2]The plaintiff was granted leave to proceed *in forma pauperis* on March 12, 2010 [Doc. #5].

[3]It is unclear whether the plaintiff is attempting to amend the Complaint to substitute the Sheridan Police Department as a defendant for T.J. McCoy. In any event, he may not amend his Complaint this manner.

The plaintiff filed another letter seeking relief on July 13, 2010 [Doc. #36]. I struck the letter and ordered the plaintiff to cease filing letters with the court. I directed that "[a]ll requests for court orders shall be filed as motions" and that "[a]ll motions and other papers filed with this court shall contain the case caption and shall comply with Rule 7 of the Federal Rules of Civil Procedure." I warned the plaintiff that failure to comply with Rule 7 and my order could result in sanctions, including dismissal of this case.

Rather than filing his current request in the form of a motion, the plaintiff has again ignored my orders and the Federal Rules of Civil Procedure and has filed the instant Letter which seeks relief in the form of a letter. The Letter is generally incomprehensible. The plaintiff states that he is seeking a "change of venue" to "another court room," but he does not state whether he seeks to have to case transferred to a different court or simply to a different judge, nor does he provide any basis for a transfer. The plaintiff also states that he "believes" the court should obtain on his behalf a police report from Arapahoe County, but he does not explain its relevance to this case or any basis for the court's jurisdiction over Arapahoe County.

I have previously stricken [Doc, #45] an unintelligible paper filed by the plaintiff. In doing so, I ordered that "all future motions shall state with particularity the relief sought and the grounds therefore. Fed.R.Civ.P. 7(b)(1). Failure to file an intelligible motion may result in sanctions including dismissal of this case." The Letter does not state with particularity the relief sought nor does it state any grounds for relief.

Ordinarily, I would strike the Letter and order the plaintiff to show cause pursuant to D.C.COLO.LCivR 41.1 why this case should not be dismissed for failure to follow court orders and the Federal Rules of Civil Procedure. However, it appears that the Letter may be an attempt

4

to respond to my Order to Show Cause [Doc. #49] entered on September 7, 2010. Out of an abundance of caution and deference to the *pro se* plaintiff, I will construe the Letter as a response to the Order to Show Cause.

The plaintiff initiated this case on February 23, 2010. The United States Marshal has attempted to serve the defendant at two separate addresses provided by the plaintiff. Both attempts have been unsuccessful because the addresses were incorrect. The plaintiff still has not provided a correct address for the defendant, and the Letter devoid of anything that could be construed as good cause for his failure to do so.

IT IS ORDERED that Document #53 is construed as a response to my Order to Show Cause [Doc. #49].

FURTHER, IT IS RECOMMENDED that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute. See D.C.COLO.LCivR 41.1.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 5, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge