IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 10-cv-00483-REB-BNB

CHRIS TILLOTSON,

Plaintiff,

v.

T.J. McCOY,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on a letter filed by the plaintiff [Doc. #62] (the "Letter") on October 20, 2010.  The plaintiff requests that he be permitted to amend his Complaint.  I respectfully RECOMMEND that the request be DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed his Prisoner Complaint [Doc. #3] (the "Complaint") on March 2, 2010.  The Complaint is not a model of clarity.  The plaintiff alleges that the defendant, former Sheridan Police Officer T.J. McCoy, subjected him to excessive force on August 9, 2007.  The plaintiff appears to allege that he may have been convicted of assault on the police officer as a result of the August 9 incident.  The plaintiff alleges that he pled not guilty by reason of insanity

and that he spent two years in the county jail prior to being sent to the state hospital. He seeks damages for the alleged violation of his constitutional rights.

On October 5, 2010, I recommended that this case be dismissed without prejudice for failure to serve the defendant and failure to prosecute [Doc. #58]. <u>See</u> D.C.COLO.LCivR 41.1[1]

Subsequently, the plaintiff filed the Letter, wherein he states that "since the police officer does not work for the Shairdon police any more I have to add the Shairdan Police Department as a defendant."[2] The plaintiff further states that he "would like [his] charges droped by the Shairdan Police Dept."; "[t]he police officer can not prove that he was injured"; the plaintiff did not hurt or touch the police officer; the police officer "commited fraud on the police report" in Case No. 07-cr-2358; the plaintiff was appointed a public defender in his criminal case and "that should exsplane why I have to ask for relief in the form of damiges and charges droped."

Rule 15, Fed. R. Civ. P., provides that a complaint may be amended once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." <u>Id.</u> at 15(a)(2).

Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant an unlimited right to amend. A motion to amend may be denied

---

[1] The recommendation is pending.

[2] I have quoted the plaintiff's filings verbatim, without correction or acknowledgment of error.

on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the plaintiff seeks to add the Sheridan Police Department as a defendant.  In Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694.

The plaintiff's proposed amendment does not contain any allegations to state a plausible claim for relief against the Sheridan Police Department.  Therefore, it would be futile to allow him to amend his Complaint to add the Sheridan Police Department as a defendant.  Accordingly,

I RECOMMEND that the plaintiff's request to amend his Complaint to add the Sheridan Police Department as a defendant be DENIED.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.

<u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 2, 2010.

                                        BY THE COURT:

                                        <u>s/ Boyd N. Boland</u>
                                        United States Magistrate Judge